IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JUL 19 AM 11: 32
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 19 2000

| | |
|---|---|
| KATHY BELL PANNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) CIVIL ACTION NO. 00-G-1203-S | |
| AMERICAN HOME PRODUCTS ) | |
| CORPORATION, a corporation or other ) | |
| business entity, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

As set forth in the order entered contemporaneously with this opinion the court has dealt with several motions before it, primarily the motion of defendant American Home Products Corporation [hereinafter American Home] to certify the issue of when plaintiff's medical malpractice claim against defendants Dr. Alan Grier and his practice American Family Care accrued under Alabama law and the motion to remand. The court has considered both simultaneously, the submissions and arguments of counsel covering both.



American Home has requested certification based on the legal malpractice opinion *Ex Parte Davis R. Pannell,* 756 So. 2d 862 (Ala. 1999), issued December 30, 1999, in which the court held that a legal malpractice cause of action accrues, and the limitations period begins to run, when the act or omission or failure giving rise to the claim occurs, and not when the client first suffers actual loss.

In his separate opinion in which Justice Cook concurred with the result but not the rationale, Justice Cook opined that "[t]he main opinion is correct in only one respect--Pannell's action is barred by the statute of limitations found in Ala. Code 1975, § 6-5-574." Justice Cook discusses prior decisions and lists three reasons for not concurring with the rationale:

1) He is not certain he knows the meaning of the main opinion which concludes that *Michael v. Beasley,* 583 So. 2d 245 (Ala. 1991),[1] was wrongly decided.

2) Those joining the main opinion appear to be laboring under some misapprehension as to what *Michael* requires.

3) Some of the language of the main opinion "suggests that the limitations period may commence before, or without, the

---

[1] *Michael* held that the running of the statute of limitations period in a legal-malpractice action is triggered by the accrual of the plaintiff's cause of action.

2

accrual of a cause of action or the plaintiff's incurring a legal injury."[2]

Cook, at 871, then sets forth the well-established principles regarding the accrual of a cause of action, which follow:

> "A cause of action accrues when the party in whose favor it arises is entitled to maintain an action. ..." ...'If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed. ...' [I]n situations where the act itself is not a legal injury, not a completed wrong, and the plaintiff's injury comes only as a result of what the defendant has done, the cause of action accrues and the limitations period begins to run when damage is sustained." *Systems Dynamics Int'l, Inc. v. Boykin*, 683 So. 2d 419, 421 (Ala. 1996).

Justice Cook concludes that the rationale of the main opinion would cause confusion.

Justice Lyons, too, concurs in the result, but not the rationale. He notes that the language of the Alabama Medical Liability Act, at § 6-5-482(a), Ala. Code 1975 has been repeatedly construed to mean "that the limitation period begins to run upon the accrual of an action. 756 So. 2d at 872. In *Ramey v. Guyton*, 394 So. 2d 2, 4 (Ala. 1980), the court held it "patently unreasonable to

---

[2] This result is nonsensical; a plaintiff cannot maintain an action until he has a cause of action. The limitations period could not only run but expire before the plaintiff ever had a right to maintain an action. 756 So. 2d at 871.

attempt to fix the accrual date at the time the prescription was written, which act produced no concurrent injury to the Plaintiff." *Id*. The justice calls attention to the fact that when a statute has been construed by the court in a certain way and the statute is later reenacted without material change that previous constructions must be accepted as part of the statute.[3] *Id*. *See Fusco v. Perini North River Associates*, 601 F.2d 659, 664 (2nd Cir. 1979), *vacated on other grounds*, 444 U.S. 1028, 100 S. Ct. 697, 62 L. Ed.2d 664 (1980) (presumption legislature intends to adopt old phrase and judicial construction of phrase).

Justice Johnstone concluded that the main opinion enables a plaintiff to sue for wrongdoing without damage. "The doctrinal damage done by the main opinion is entirely unnecessary to the resolution of the case before us." 736 So. 2d at 873. This court agrees. The main opinion cannot be considered anything but dictum.[4] It is nothing more than "judge-made" law, flying in the face of earlier

---

[3] The Alabama Legal Services Liability Act [hereinafter ALSLA] is modeled after the Alabama Medical Liability Act. The operative language of § 6-5-574(a) in the ALSLA is similar to that of § 6-5-482(a) in the Alabama Medical Liability Act. *Pannell*, 756 So. 2d at 872, n.4.

[4] In *Pannell* the injury did in fact occur at the very time of the wrongful act. The opinion Justice See authored is dictum because the statute of limitations issue addressed was not the issue before the court. The six concurring justices understood that the statute of limitations addressed in *Pannell* had run by any standard of measurement.

decisions. Its reasoning is unsound and not binding. Defendant's reliance on the *Pannell* opinion is misguided; the decision is not controlling. Of the nine justices on the court only two concurred with the result reached by Justice See. Six of the justices refused to concur. Justices Cook, Lyons, and Johnstone filed separate opinions in which they concurred with the result but dissented with the rationale. It is highly unlikely that the six justices would ever agree with the rationale of Justice See. In light of *stare decisis*, *Pannell* cannot stand.

There are clear controlling precedents in the decisions of the Supreme Court of this State on the statute of limitations issue. The *Pannell* opinion, joined by only three justices, does not change the well-established law of Alabama. To allow defendant American Home to have the case certified would require a ruling denying plaintiff's motion to remand because this court must first find it has jurisdiction before it can attempt a certification to the Alabama Supreme Court. This court is not prepared to rule that it has jurisdiction. There was no fraudulent joinder. The plaintiff is entitled to have her day in court to present evidence establishing when the injury occurred. She "may be able to prove a set of facts under which her claims are not barred by the running of the limitations period of

5

§ 6-5-482, Ala. Code 1975." *Mobile Infirmary v. Delchamps*, 642 So. 2d 954, 959 (Ala. 1994).

Since this court holds that Dr. Grier and his practice were not improperly joined, there is no diversity of citizenship in the above-styled case and this court lacks jurisdiction. The action is remanded to the Circuit Court for the Tenth Judicial Circuit of Alabama .

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 19th day of July 2000.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.